UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DONALD J. ISAIAH,

    Plaintiff,

v.                                            Case No. 3:18cv335-RV-CJK

JULIE JONES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). The matter is referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the undersigned concludes that the complaint should be dismissed under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

## BACKGROUND

Plaintiff is an inmate of the Florida Department of Corrections (FDC) confined at Hamilton Annex. Plaintiff's complaint names six defendants: FDC Secretary Julie Jones, Blackwater Correctional Facility Medical Department, Suwanee Correctional Institution Medical Department, Liberty Correctional Institution Medical Department, Okaloosa Correctional Institution Medical

*Page 2 of 5*

Department, and President Donald Trump. Plaintiff alleges that the United States has a higher incarceration rate than other countries, and that prisons in the United States are overcrowded. Plaintiff claims this violates several treaties. As relief, plaintiff seeks the following: "In Order temp relief to address the Courts in proper person after Summary Judgment with discovery and subpoena for tools to bring together (incorporate) as a whole for Release Order, in order to receive with respect to prison conditions." (Doc. 1, p. 7).

Because plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

To avoid a Rule 12(b)(6) dismissal, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief

above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), that is, "across the line from conceivable to plausible." *Id.* at 570.  As the Court in *Iqbal* reiterated, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

In reviewing the complaint, the court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).[1]  Mere "labels and conclusions", however, are not accepted as true.  *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (*citing Parratt v.*

---

[1] *Pro se* pleadings are construed more liberally than those drafted by attorneys. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

*Case No. 3:18cv335-RV-CJK*

*Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-331 (1986)).

Plaintiff alleges that prisons in the United States are more crowded than those in other countries, and concludes that this violates several treaties. This conclusory allegation and legal conclusion is clearly insufficient to survive dismissal for failure to state a claim. Further, plaintiff's demand for relief, which appears to request release from prison, bears no logical relationship to his claim of overcrowding and is not an available remedy for a conditions-of-confinement claim. *See Fernandez v. United States*, 941 F.2d 1488, 1494 (11th Cir. 1991) (holding that "[r]elease from confinement is not a possible remedy" for a prisoner's challenge to the conditions of his confinement).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of June, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:18cv335-RV-CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.